**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN BOOTH**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**FEDCHEX RECOVERY LLC, and Does 1-10, inclusive,**<br><br>Defendant(s). | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1. The Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq.; and<br><br>2. The Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code* §§1788, et seq.<br><br>**JURY TRIAL DEMANDED** |

1
**CLASS ACTION COMPLAINT**

## **Introduction**

**1.** This case arises as a result of false, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, Fedchex Recovery LLC ("Fedchex"), in an effort to deceive consumers and debtors by failing to provide the dispute notices required by law, and overshadowing by sending a second identical e-mail within two weeks since the first e-mail was sent.

**2.** In particular, Plaintiff, Jonathan Booth ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Fedchex attempted to collect debts from him and other consumers and debtors by systematically sending them e-mail based collection correspondence that failed to provide the consumers and debtors the amount of the debt owed, the debt validation dispute notices required by law, and overshadowing the debt validation right by sending a second identical e-mail within two weeks since the first e-mail was sent.

**3.** Such conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is plausible that an unsophisticated consumer would not know that a debt verification right is provided by law.

**4.** Fedchex's acts and omissions were intentional, and resulted from Fedchex's desire to mislead debtors and consumers into making payments, and depriving them of their debt validation legal right, and a meaningful opportunity to

**CLASS ACTION COMPLAINT**

exercise the debt validation right by sending e-mail within the debt verification statutory period.

5. Thus, Plaintiff brings class action claims against Fedchex, under the Federal Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), both of which were enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e); *Cal. Civ. Code* §1788.1(b).

## Jurisdiction and Venue

6. The Court has jurisdiction over Plaintiff's FDCPA cause of action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. §1367.

7. Venue is proper in the Central District of California pursuant to 18 U.S.C. § 1391(b) because Fedchex does business within the Central District of California, and because Plaintiff is a resident of Los Angeles County, California, which is within the Central District of California.

## The Parties

8. Plaintiff is a natural person residing in Los Angeles County, State of California who is obligated or allegedly obligated to pay any debt, and from

whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering him a "consumer," under the FDCPA, 15 U.S.C. §1692a(3), and a "debtor" under the RFDCPA, *Cal. Civ. Code* §§1788.2(h).

9. Fedchex is a company based in Orange County California, that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Fedchex is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6. Fedchex, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection, thereby qualifying it as a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c).

10. The debts Fedchex attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5), and as "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

## Factual Allegations

11. Within one (1) year preceding the filing of this class action lawsuit, Fedchex e-mailed Plaintiff a collection e-mail dated July 27, 2015 from recovery@fedchex.com, wherein Fedchex introduced itself by stating:

4
**CLASS ACTION COMPLAINT**

> Your account with **<u>Burbank Athletic Club, LLC</u>** has been forwarded to FEDChex Recovery to resolve this matter with you. We realize that this matter is probably an oversight and not willful disregard of your agreement. To continue uninterrupted service, please contact our office to resolve this matter. You may reach our FEDChex Recovery offices at 800-979-8917 Monday - Friday from 8am to 5pm PST.
>
> Our client values your business and we thank you in advance for helping to resolve this matter.
>
> *This is an attempt to collect a debt and any information obtained will be used for that purpose.*
>
> Thank you,
>
> FEDChex Recovery
> 800-979-8917
>
> As a service to you, we will continue to send you reminder notices until your account is resolved. If you would like us to discontinue sending this reminder email, please contact us toll free at 800-979-8917 to cancel all further email notifications.
>
> Please do not reply to this message. For account specific inquiries, please contact us at 800-979-8917 or you can view your account at www.payoffclaim.com.
>
> We are required under some states' laws to notify consumers of certain rights as detailed below. Consumers in these states may have additional rights under state and federal law. Consumers in other states may have these and/or additional rights under state and federal law. […]
>
> (emphasis and fonts as in original e-mail)

**12.** Plaintiff subsequently received an identical email on August 10, 2015, where Fedchex equally failed to provide adequate notice and overshadowed the debt verification right by pressuring Plaintiff to make payments during the 30 days debt verification statutory period, thus showing a rooted and deliberate unfair and deceptive debt collecting policy.

13. Nowhere does the above cited collection e-mail provides Plaintiff any information regarding the debt verification process established by 16 U.S.C. §1692g (a). Indeed, the e-mail fails to provide: (1) the amount of the debt; (2) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (3) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (4) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. Nor was a second e-mail containing the notices required by law sent within five days from the first e-mail.

14. Moreover, Fedchex send a second identical e-mail on August 10, 2015 to pressure Plaintiff to make a payment, thus depriving him of a meaningful opportunity to exercise the debt validation right within the 30 days verification statutory period.

///

**15.** Ultimately, this email mislead Plaintiff into believing that he could only contact Fedchex to pay for his account; it also mislead Plaintiff into believing that he did not have a right to request for debt validation, as the e-mail clearly said that Fedchex would continue sending notices until the account was resolved. In the very bottom of the e-mail, Fedchex merely provided a brief sentence informing Plaintiff that he could call for inquiries, yet no mention of validation was present either in the main body of the e-mail, or in the limited notices provided in decreased font at the bottom of the e-mail. Moreover, the amount of the alleged debt owed was never disclosed by Fedchex, thus Plaintiff was clearly mislead by a collection e-mail that failed to provide the most basic information necessary to ascertain the validity and veracity of the debt. Finally, Fedchex sent a second identically collection email, within two weeks from the first notice date—and within the 30 days debt verification statutory period—thus overshadowing Plaintiff's debt-validation right, an inherently unfair and deceptive practice.

## Class Allegations

**16.** Plaintiff brings this class action on behalf of himself and all others similarly situated ("the Class").

**17.** Plaintiff represents, and is a member of the following classes:

a. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Fedchex that failed to provide a general notice informing consumers of their legal right to request for a debt validation including the amount of the debt;

b. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Fedchex that failed to provide a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

c. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Fedchex that failed to provide a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

d. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Fedchex that failed to provide a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor; and,

e. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, and within the 30 days debt verification statutory period beginning from the first notice date, received a second collection correspondence from Fedchex where such additional correspondence equally lacked the debt verification notices required by law.

18. As a result of Fedchex's conduct, Plaintiff and members of the putative class have been deprived of accurate and valid information regarding their legal rights regarding debt validation. Fedchex mislead Plaintiff and the Class into believing that there was no right to request for debt validation, and that the only option was to make payments to Fedchex. They have also been mislead, through the use of overshadowing by receiving a second identical email within the 30 days from the first notice date.

**19.** Fedchex and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

**20.** This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

**21.** The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Fedchex's records or Fedchex's agents' records.

**22.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the one (1) year preceding the filing of this Complaint, Fedchex sent collection e-mails to debtors and consumers that:

  i. Failed to disclose the amount of the debt;

  ii. Failed to provide a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

  iii. Failed to provide a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and,

  iv. Failed to provide a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

  v. Overshadowed the debt validation right by sending a second identical e-mail within two weeks from the first notice—and

   within the 30 days debt validation statutory period—which equally failed to disclose the debt validation right.

 b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

 c. Whether Fedchex should be enjoined from engaging in such conduct in the future.

23. As a person that received the grossly inadequate and misleading collection letter from Fedchex, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

24. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Fedchex's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Fedchex will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly deprived of their debt validation legal right.

25. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

26. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

27. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Fedchex to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Fedchex is small because the maximum statutory damages in an individual action under the FDCPA and/or RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

28. Fedchex has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**First Cause of Action: Violation of the Fair Debt Collection Practices Act**

29. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

30. A debt collector may not falsely represent the character, amount or legal status of any debt in connection with the collection of any debt. *15 U.S.C. §1692e(2)(A)*. By engaging in the above detailed conduct, Fedchex violated this provision of the FDCPA.

**CLASS ACTION COMPLAINT**

31. A debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken, in connection with the collection of any debt. *15 U.S.C.* §1692e(5). By engaging in the above detailed conduct, Fedchex violated this provision of the FDCPA.

32. A debt collector may not use false representations or deceptive means, in connection with the collection of any debt. *15 U.S.C.* §1692e(10). By engaging in the above detailed conduct, Fedchex violated this provision of the FDCPA.

33. A debt collector may not use unfair or unconscionable means, in connection with the collection of any debt. *15 U.S.C.* §1692f. By engaging in the above detailed conduct, Fedchex violated this provision of the FDCPA.

34. A debt collector needs to provide adequate notice regarding debtors' debt validation rights. *15 U.S.C.* §1692g(a). By engaging in the above detailed conduct, Fedchex violated this provision of the FDCPA.

35. As a direct proximate result of Fedchex's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

## Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the

Class members the following relief against Fedchex:

    a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

    b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1)

    c. For actual damages according to proof;

    d. For reasonable attorneys' fees and costs of suit;

    e. For prejudgment interest at the legal rate; and

    f. For such further relief as this Court deems necessary, just, and proper.

## Second Cause of Action: Violation of the Rosenthal Fair Debt Collection Practices Act

**36.** Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

**37.** Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that

person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001." *Cal. Civ. Code* §1788.17.

38. Thus by engaging in conduct prohibited by Sections e(2)(A), e(5), e(10) and f of the FDCPA, Fedchex violated the RFDCPA.

39. As a direct proximate result of Fedchex's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

## Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Fedchex:

a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to *Cal. Civ. Code* §1788.30.

c. .For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

### Trial by Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, hereby does demand a jury trial.

Dated: April 13, 2016.

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**